

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. PD-0144-25

**VICTOR HUGO CUEVAS, Appellant**

**v.**

**THE STATE OF TEXAS, Appellee**

**On Appellant's Petition for Discretionary Review
From the Fourteenth Court of Appeals
Fort Bend County**

MCCLURE, J., filed a concurring opinion in which WALKER, J., joined.

The majority assumed error because the court below found error, and because the State did not file a petition from that adverse determination. I write separately to discuss my belief that the prosecutor's misstatements regarding self-defense were so erroneous as to be the deciding factor in the Court's determination that error in the jury charge caused some harm to Appellant.

To my mind, the following slide, shown by the prosecutor to the venire panel, illustrates why we are here:

## Use of Force <u>NOT</u> justified...

1. In response to <u>words</u> alone
2. If the defendant provoked the use of deadly force (AKA: Started the fight)
3. After the threat is <u>over</u>
4. Not just because you are angry
5. If you are committing a crime

***Same for use of DEADLY FORCE***

Point number five is a bald misstatement of the law. Appellant's timely objection to this slide correctly pointed out that under Section 9.32 of the Penal Code, the ongoing commission of a crime (other than a Class C offense) merely eliminates the presumption that the use of deadly force was reasonable—it does not preclude a jury from acquitting based on self-defense. *See* TEX. PENAL CODE § 9.32(b). As defense counsel explained at the end of voir dire, "It's just a jury question: Was the force reasonably used at the time under the circumstances. That's what it is. It has nothing to do with the presumption. That's something different."

*Cuevas v. State*, No. 14-22-00561-CR, 2024 Tex. App. LEXIS 2612, at *16 (Tex. App.—Houston [14th Dist.] 2024).

This "misunderstanding of the law started with voir dire, and continued through opening and closing statements." *Id.* at *65 (Christopher, C.J., dissenting). The harm caused by these erroneous statements was compounded by the trial court, because each time an objection was made on this issue, the trial judge ruled in favor of the State. This put defense counsel in the odd predicament of having to convince the jury that not only did the State have the law wrong—the trial judge had it wrong, too.

The State's misstatements of self-defense law effectively twisted the presumption of reasonableness in Section 9.32 of the Penal Code into a total bar to Appellant's claim of self-defense.

To better demonstrate this, consider the following hypothetical:

Imagine a woman walking down the street, wearing a shirt with a political slogan on it while carrying a pound of a controlled substance in her purse. A passerby becomes angry at the message on the woman's shirt, so he pulls out a gun and points it at the woman, threatening her. Before the man can pull the trigger, the woman pulls

a knife from her pocket and slashes at the man's wrist. He drops the gun. The woman is charged with aggravated assault with a deadly weapon.

If the misstatement of law advanced by the prosecutor in Appellant's case were applied to these facts, then this woman would not be able to claim self-defense. The fact that the woman had a pound of drugs in her purse would strip her of the right to defend herself against the man's use of deadly force. This is not only legally incorrect, it is nonsensical.

Under Texas's self-defense law, the fact that this woman was "committing a crime" by carrying a pound of drugs in her purse would not preclude her from claiming self-defense. That she was carrying a pound of drugs means might mean she is not entitled to the presumption that her use of force was reasonable, but it absolutely would not prevent the jury from finding that her conduct was justified as an act of self-defense.

To be clear, this suite of errors seems to have arisen not from malice, but from a misunderstanding of the law, namely, an honestly, though erroneously held belief that the presumption language in the Penal Code mandates that someone committing a crime cannot be legally justified in using force to defend themselves. However, a good faith misunderstanding of the law can be just as damaging as one held in bad faith.

The jury's punishment verdict shows the damage this misunderstanding did. That the jury found sudden passion shows that it found the decedent engaged in "provocation" that was "not solely the result of former provocation." TEX. PENAL CODE § 19.02(a)(2). What was the provocation? It was likely pulling a gun on Appellant. This may have been the basis of Appellant's acquittal had the law on self-defense been explained to the jury correctly by the State and the bench.

With these thoughts, I concur in the judgment.

Filed: April 2, 2026
Publish